**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Wesley L. Snell, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-CV-947 |
| ) | |
| vs. ) | |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of January 26, 2016 (Doc. No. 22) and the Commissioner of Social Security's objections to the Report and Recommendation. Doc. No. 23. In her Report and Recommendation, Judge Litkovitz concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was not supported by substantial evidence because the ALJ failed to state the weight she gave to the opinion of a consultative examining psychologist, Dr. Gronek. Judge Litkovitz further concluded that this error was not harmless because Dr. Gronek's opinion was inconsistent with the mental residual functional capacity adopted by the ALJ. Judge Litkovitz, therefore, recommended that the ALJ's decision be reversed and that the case be remanded to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings, including evaluating and weighing Dr. Gronek's opinion. In her objections, the Commissioner argues that the ALJ did evaluate Dr. Gronek's opinion and any error she made in not specifically stating the weight she gave to that opinion was harmless because the reasons for her decision are discernible from the record.

For the reasons that follow, the Court concludes that any error the ALJ made evaluating Dr. Gronek's opinion was harmless. Accordingly, the Commissioner's objections to Magistrate Judge Litkovitz's Report and Recommendation are well-taken and are **SUSTAINED.** The Court does not adopt the Report and Recommendation. On de novo review, the Court concludes that the ALJ's determination that Plaintiff is not disabled under the Social Security regulations because there are a significant number of jobs in the national economy that he can perform was supported by substantial evidence. Accordingly, the ALJ's decision is **AFFIRMED.**

## I. Background

Plaintiff Wesley L. Snell filed applications for disability insurance benefits and supplemental security income based on impairments of spinal stenosis, arthritis, and depression. The ALJ determined that Plaintiff has severe impairments of status post lumbar laminectomy and depression. Tr. 16. However, the only issue presented by the Commissioner's objections is the ALJ's assessment of the state agency examining psychologist and state agency reviewing psychologist's opinions concerning the effect of Plaintiff's mental impairment on his attention, concentration, persistence, and pace. The Court, therefore, will limit its discussion of the medical evidence to that issue.

In May 2012, Dr. Taylor Gronek performed a consultative psychological examination of Plaintiff. Dr. Gronek concluded that Plaintiff has no limitations in following simple instructions, responding appropriately to supervisors and co-workers, and responding appropriately to work pressures in a work setting. Tr. 521. Dr. Gronek concluded, however,

that "[i]t is likely that the claimant will work at a slower pace as a result of concentration difficulties secondary to pain. He may show work pace slower than other work peers." Id.

Reviewing psychologist Dr. Aracelis Rivera indicated that Dr. Gronek's opinion is entitled to "great weight." Tr. 80. Dr. Rivera then opined that Plaintiff's ability to maintain concentration and pace for extended periods is moderately limited. Tr. 83. In the section explaining this limitation on concentration and persistence, Dr. Rivera wrote, "Clmt is capable of performing tasks which are relatively static in nature. Limited d/t difficulty focusing/concentrating caused by pain symptoms [sic]." Id. Dr. Rivera stated further that "Clmt is capable of completing tasks in which changes are infrequent and can be explained. Limited d/t difficulty focusing/concentrating caused by pain symptoms." Id.

During the evidentiary hearing, the ALJ asked the vocational expert to assume a hypothetical person who, inter alia, can complete routine, simple tasks that are static in nature. Tr. 48-49. The vocational expert testified that this hypothetical person could not perform Plaintiff's past relevant work, but that this person could perform jobs such as cleaner, packaging machine operator tender, and hand packager. Tr. 49. The vocational expert also testified that those jobs exist in significant numbers in the national economy. Id.

In her written decision, the ALJ determined that Plaintiff has the mental residual functional capacity to perform jobs involving only routine tasks in which instructions can be repeated as necessary, and involve only routine tasks which are static in nature, and in which changes are infrequent and can be explained. In reaching this conclusion, the ALJ credited Dr. Rivera's opinion. Tr. 21. Specifically, the ALJ wrote:

> A psychologist who reviewed the record on behalf of the administration in June 2012 found that the claimant is capable of completing simple routine tasks in which instructions can be repeated as necessary, and that he is limited due to difficulty focusing and concentrating caused by pain symptoms. The reviewer found that the claimant is capable of completing tasks which are relatively static in nature, and in which changes can be explained. This opinion is consistent with the overall treatment record and the credited portions of the claimant's testimony, and is accepted. It forms the basis for the finding made above concerning the claimant's psychological residual functional capacity level.

Tr. 21 (internal citations omitted).

The ALJ also discussed but did not assign any particular weight to Dr. Gronek's opinion:

> Consultative psychological evaluation by Dr. Taylor Gronek, PsyD, in May 2012 yielded a diagnosis of adjustment disorder with depressed mood. Dr. Gronek listed a GAF of 48 [sic][1] and concluded that the claimant would have difficulty with multi-step instructions. Dr. Gronek also found that the claimant may show work pace slower than other work peers but has no limitations in his ability to conform to social expectations in a work setting or his ability to respond appropriately to work pressures in a work setting.

Tr. 20.

As stated above, the ALJ relied on Dr. Rivera's opinion and the vocational expert's testimony to conclude that Plaintiff has the mental RFC to perform several jobs that exist in significant numbers in the national economy and therefore is not disabled under the Social Security regulations. The Appeals Council denied Plaintiff's request to review the ALJ's decision; thus the ALJ's decision became the final decision of the Commissioner of Social Security.

---

[1] This is an error by the ALJ. As Judge Litkovitz noted, Dr. Gronek actually assigned Plaintiff a GAF of 68, which indicates that the subject has only mild symptoms or some difficulty in functioning, but generally is functioning pretty well. Tr. 520.

4

Plaintiff filed a timely complaint for judicial review of the ALJ's decision. As is relevant here, in his Statement of Specific Errors, Plaintiff alleged that the ALJ erred by not explaining the weight she gave to Dr. Gronek's opinion. The Commissioner responded that any error was harmless since the ALJ's reasoning can be discerned from her opinion. Magistrate Judge Litkovitz disagreed, however, because she found that Dr. Gronek's opinion is inconsistent with the mental RFC adopted by the ALJ. Thus, Judge Litkovitz recommended reversing the ALJ's decision and remanding the case for further proceedings. The Commissioner then filed timely objections to Judge Litkovitz's report.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and

recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

The Court finds that the ALJ's decision was supported by substantial evidence. In contrast to Magistrate Judge Litkovitz, the Court concludes that the mental RFC adopted by the ALJ is fully consistent with Dr. Gronek's opinion and implicitly incorporates the mental functional limitations indicated in her report. Consequently, any error that the ALJ made in not stating the specific weight she assigned to Dr. Gronek's opinion was a harmless error.

Dr. Gronek was an examining psychologist and not Plaintiff's treating psychologist. But the ALJ's failure to explain the weight given to the opinion of even a treating physician will be a harmless error if the RFC she adopts incorporates the limitations indicated in the treating physician's opinion. Heston v. Commissioner of Soc. Sec., 245 F.3d 528, 536 (6th Cir. 2001). In this case, Dr. Gronek did not indicate a specific functional limitation as regards Plaintiff's concentration, persistence and pace other than that he would work at a slower pace than his peers. Tr. 521. Dr. Rivera, who concluded that Dr. Gronek's opinion was entitled to "great weight," Tr. 80, interpreted Dr. Gronek's report to mean that Plaintiff is moderately limited in his ability to maintain concentration and persistence. Tr. 83. Dr. Rivera further translated Dr. Gronek's report to indicate that Plaintiff is capable of performing jobs with relatively constant duties and in which changes can be explained to him. Id. Given that Dr. Rivera decided that Dr. Gronek's opinion is entitled to "great weight," it is clear that she provided the ALJ with specific functional limitations consistent with Dr. Gronek's opinion. Stated another way, having concluded that Dr. Gronek's opinion

was entitled to great weight, it would not make sense for Dr. Rivera to recommend functional limitations that are inconsistent with Dr. Gronek's opinion. Finally, since the ALJ's opinion is clear that she gave Dr. Rivera's opinion controlling weight, Tr. 21, she implicitly gave Dr. Gronek's opinion the same weight as well.

## Conclusion

In summary, the Court concludes that the mental RFC adopted by the ALJ was consistent with Dr. Gronek's opinion and further that the RFC adequately accounts for the mental functional limitations suggested by Dr. Gronek's report. Accordingly, the ALJ's failure to state the specific weight she gave to Dr. Gronek's report and the reasons for that decision was a harmless error.

Accordingly, the Commissioner's objections to Magistrate Judge Litkovitz's Report and Recommendation are well-taken and are **SUSTAINED.** The Court does not adopt the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations because he has the residual functional capacity to perform several jobs that exist in significant numbers in the national economy is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date March 8, 2016                  s/Sandra S. Beckwith
                                                                           Sandra S. Beckwith
                                                    Senior United States District Judge